# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00655-CV
## NO. 03-09-00006-CV

### In re Charles Christopher Lancaster

### ORIGINAL PROCEEDINGS FROM BASTROP COUNTY

## NO. 03-08-00656-CV

### In re Charles Christopher Lancaster

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Charles Christopher Lancaster has filed three petitions for writ of mandamus, complaining of: (1) the Williamson County District Court's entry of a conviction for sexual assault of a child based on a plea bargain, arguing that the plea was involuntary and induced by threats of judicial retaliation (cause number 03-08-00655-CV); (2) the Bastrop County District Court's certification that Lancaster, through his Williamson County plea agreement, waived his right to appeal his Bastrop County conviction for aggravated kidnapping and burglary, again attacking the voluntariness of the Williamson County agreement and asserting that the pre-plea filing of his Bastrop notice of appeal rendered the Bastrop and Williamson County courts without jurisdiction to accept the plea (cause number 03-08-00656-CV); and (3) the Bastrop County District Court's

failure to appoint counsel to represent him on appeal[1] (cause number 03-09-00006-CV). Lancaster is seeking post-conviction relief from two felony convictions, relief which must be sought by a writ of habeas corpus, and this Court lacks original jurisdiction to consider the claims brought and relief requested. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 1, 3 (West Supp. 2008) (writ seeking relief from felony judgment must be directed to court of criminal appeals); *see also id.* art. 11.01 (West 2005) ("writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"). We therefore deny Lancaster's petitions for writ of mandamus.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: February 13, 2009

---

[1] Today we also dismiss Lancaster's appeal from the Bastrop County conviction because the trial court has certified that Lancaster waived his right to appeal. Tex. R. App. P. 25.2; *see Lancaster v. State*, No. 03-08-00601-CR (Tex. App.—Feb. 13, 2009, no pet. h.) (mem. op., not designated for publication).